## CONSTRUCTION OF AGREEMENT TO SELL LAND.

Circuit Court of Cuyahoga County.

JOSEPH KUNDTZ v. VAN DEBOE HAEGER & CO. AND JAMES W.
EVENDEN, TRUSTEE.*

Decided, December 22, 1902.

*Land Contracts—When Two Contracts for the Sale of One Parcel of
Property are Regarded as One.*

When a real estate company sells lots upon an installment plan and
gives the purchaser a land contract signed by a trustee in whose
name the title appears, in which the trustee agrees to convey upon
the receipt of the final payment; and also gives the purchaser an-
other contract signed by the company in which it agrees to convey
the property to the beneficiary of the purchaser in case of the death
of the purchaser before final payment has been made—both of the
contracts are to be construed together as one contract, and the real
estate company, by accepting payments after they were past due,
waived any forfeiture provided for in the contract signed by the
trustee.

*G. H. Schaibley,* for plaintiff.
*Smith & Taft,* contra.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

The plaintiff, Joseph Kundtz, brought this action for specific
performance. The petition sets out that Van Deboe, Haeger &
Company was the owner of a lot in an allotment; that James W.
Evenden is trustee, held the title to the property, which lay in
the hamlet of Rockport, county of Cuyahoga and state of Ohio,
and was designated as *lot 112* on a certain plat of lots called
Lenox Park; that they sold said lot to Agnes Kundtz, trustee,
on the installment plan, payable weekly, until the full amount
was paid, and that, when the amount was paid, she was to
have a deed for the same. Agnes Kundtz was buying said lot
as trustee for the plaintiff, Joseph Kundtz, and he claims in

---

*Affirmed without opinion, *Van De Boe, Haeger & Co. et al* v. *Kundtz,*
70 Ohio State, 485.

his petition that there was an agreement on the part of Van Deboe, Haeger & Company that if she died before the payments were made in full, a deed would be given to the plaintiff for the lot without any further payment, and sets up that Agnes Kundtz died and that the plaintiff made proper proof of her death to the defendant and demanded a conveyance of the property and that the defendant refused to convey the same. The answer claims that Evenden was trustee, holding the lands, not for his co-defendant but for other parties, and that he had placed the lands in the hands of his co-defendants to sell and dispose of the same. And the evidence shows that in undertaking to dispose of these lands and other lots thus turned over to them for sale they adopted the plan of selling the lots and giving therefor a land-contract not differing in any way from the ordinary land-contract which was signed by James W. Evenden, trustee, and, at the same time, Van DeBoe, Haeger & Company would enter into a contract with the purchaser of the lot, that, if she died before payments were made in full, the lot would be deeded to the beneficiary named by her without any further payment, although the same had not been paid for in full at the time of her death.

The plaintiff claims that these two contracts constitute one contract; that they together form part of the consideration that induced the purchase of the lot, and, being construed together as one contract, she claims that the defense set up is not good. The contract signed by Van DeBoe, Haeger & Company for the lot is as follows:

"This agreement made this 15th day of February, 1897, by and between Van DeBoe, Haeger & Company of the city of Cleveland, Ohio, of the first part, and Agnes Kundtz, trustee, of Cleveland, Ohio, of the second part:

"WHEREAS, the parties of the first part have advertised to deliver over free from further payments, a deed of property purchased from them at Lenox Park, upon certain conditions in the case of the death of the grantee of said property, and,

"WHEREAS, the party of the second part, being the purchaser of the lot, No. 112, in Lenox Park, wishes to avail herself of said offer, now, therefore, it is hereby agreed that in case the party of the second part shall die while her agreement for the purchase of the above-mentioned lot is in force and before said

premises are conveyed to her by deed, said party of the first part shall, under certain conditions hereinafter mentioned, have no claim for the payment of further installments on account of said premises, but shall convey the same without further consideration, at the special direction of party of second part, to Joseph Kundtz.''

It is further provided and agreed that the conditions upon which said deed shall be given her, is as follows:

''1st. That said party of second part is the original purchaser, and not a transferee. 2d. That the payments on said lot shall not, at any time, be more than two weeks in arrears. 3d. That satisfactory proof of death of said party of second part shall be furnished. 4th. That said party of second part shall not have come to her death by reason of suicide, sane or insane. 5th. That the party of second part is in good health at the time of purchase.

''No alteration in the terms of this agreement will be valid unless signed by Van DeBoe, Haeger & Company and Agnes Kundtz, trustee.''

We are satisfied that these two contracts were held out as an inducement to the party purchasing the lot; that they both entered as a consideration for the payment of the money paid upon the lot. The fact that the lot was owned by the trustee, James W. Evenden, can make no difference, for the evidence shows that he had turned over to his co-defendant the entire marketing of the lots, which they proceeded to do upon the plan set out, and he has, in a sense that will bind him, made himself a party to the method adopted by his agents. This makes the two contracts but one contract in fact; they become parts of one and the same contract. Hence, the defense set up herein, which is, that payments were not made promptly as rquired by that part of the contract signed by Van DeBoe, Haeger & Company, will vitiate the second part of the contract, although they were received upon the first contract, clearly creating a waiver on behalf of the trustee who made the land-contract, by reason of the money being received after becoming due; and the claim is that the same parties, Van DeBoe, Haeger & Company, held both of these contracts and they now make claim that although payments were made and received on the land-contract after

they were due, yet that can not be regarded as a compliance or waiver of the conditions of the second contract; in other words, Van DeBoe, Haeger & Company could take the money after due and apply it upon the land-contract and yet, by so taking it, they did not make a waiver of the insurance contract. The only way to make this seem plausible to the court is, as was contended by defendant, that these contracts are entirely separate and distinct, and that whatever was done under one, either by way of payments or waiver, could not, in any manner, affect the other. We can not subscribe to that doctrine.

The real facts of the case are that while the land-contract was signed by James W. Evenden, trustee, yet it is with the other defendant, and really their contract, until they have made the proper collections and turned them over to the trustee in lieu of the land, for the whole thing looks to *their* securing not only *the contract,* but also the deed, when the contract is paid up in full. So Evenden having signed the contract, amounts to nothing more than binding him to give the deed. The whole transaction was really in the hands of the other defendant and hence while, in form, the contracts appear to be made by different parties, yet, *in substance and in fact,* so far as the interest of the parties is concerned, they are both made by the same persons. Upon the death of the purchaser, Van DeBoe, Haeger & Company certainly did not expect to pay up the balance of the purchase-price of the lot; if they did, the whole transaction would be merely a gamble.

We think the plaintiff has shown his right to have his deed given to him without further consideration, and the prayer of his petition is granted.